STATE of Missouri, Plaintiff-Respondent,

v.

Kenneth SIECKE, Defendant,

Donald B. Peterson, M.D., Superintendent, Fulton State Hospital, Third Party Appellant.

No. 56384.

Supreme Court of Missouri, En Banc.

Nov. 8, 1971.

**368**

Carl D. Gum, Prosecuting Atty., of Cass County, Harrisonville, for the plaintiff-respondent.

John C. Danforth, Atty. Gen., John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for third party appellant.

SEILER, Judge.

This case, here on our order of transfer from the Kansas City Court of Appeals, involves the question of whether the verified certificate of the superintendent of one of the state hospitals as to the charges made by the hospital for the examination and report of an accused referred to the hospital by the circuit court under Secs. 552.020 and 552.030 is sufficient, in the absence of any showing to the contrary, to require the circuit court to issue its order taxing such charges as costs in the case.[1]

One, Kenneth Siecke, charged in Cass County with the commission of a felony, was ordered by the circuit court committed to the Division of Mental Diseases at Fulton for "observation and examination" and a report of "findings and recommendations", under the above statutes. In due course, a report was filed, with findings that Siecke had a mental disease and defect and lacked capacity to proceed, and recommendation for commitment and treatment.

The hospital superintendent filed a verified motion for an order taxing as the reasonable costs of the examination and finding made pursuant to the court's order, the sum of $647.70. Attached to the motion was a certificate of account, reading in part as follows:

"CERTIFICATE OF THE ACCOUNT OF  Kenneth Siecke
AS OF  17 September 1969

"Pursuant to Sec. 191.130 RSMo 1959, the account of Kenneth Siecke is hereby certified which has a delinquent balance due of $647.70.

| "DATE | ITEMS | CHARGES | PAYMENTS | BALANCE |
|---|---|---|---|---|
| 23 May 69 | Care, treatment & exam costs for May. | 101.60 | .00 | 101.60 |
| 1 June 69 | Care, treatment & exam costs for June. | 381.00 | .00 | 482.60 |
| 1 July 69 | Care, treatment & exam costs for July. (Exam complete as of 17 September 69.) | 165.10 | .00 | 647.70 |
| | Totals | $647.70 | .00 | $647.70 |

" *  *  *  total of 51 days  *  *  *

"Note:  Above costs include mental examination and report."

---

In a short time, the prosecuting attorney called up the superintendent's motion. The superintendent was not present or represented, nor was the defendant Siecke. Other than the certified account, no evidence was presented and no record made, except the entry in the court's docket for that date, reading "Motion of [superintendent] taken up, considered, and overruled." The superintendent appeals.

Sec. 191.130, referred to in the certificate, provides that when the superintendent of a state hospital certifies an account under the seal of the institution as due the institution on account of any patient, it " * * * shall be prima facie evidence of the amount due." The superintendent contends that since the account was properly certified and there having been no objection as to its sufficiency and no evidence offered in rebuttal, it stands per se as reasonable and should have been allowed. The prosecuting attorney contends that inasmuch as Sec. 552.080, pertaining to court costs for examination fees, specifies that "Notwithstanding any other provisions of law, the court in which the proceedings are pending shall, upon application and approval, order the payment of or tax as costs * * * expenses and fees, which in each case shall be reasonable, and so found by the court * * *", the court is freed from the prima facie effect otherwise to be given by Sec. 191.130; that the risk of nonpersuasion rests on those asserting such claims, and with the superintendent having offered no evidence, the court necessarily overruled the motion and should be affirmed.

We do not agree that the phrase, "Notwithstanding any other provisions of law", means that Sec. 191.130 is not applicable to the account in question. Sec. 552.080 was enacted in 1963, being part of the newly adopted mental responsibility law, and covered several matters relating to costs for fees for examinations on the defense of mental disease or defect or incapacity to proceed. Fees so taxed were levied and collected under execution, which meant they were held up until final disposition of the

case, as is true of criminal costs generally under chapter 550. In 1969, the legislature amended Sec. 552.080 to make it clear that when private physicians or state institutions examine an accused under order of the court, " * * * the expenses and fees shall be paid forthwith and as incurred * * * no matter how taxed as costs or collected. * * * *" The words "Notwithstanding any other provisions of law" mean that notwithstanding the statutory provisions whereby criminal costs generally are not payable until final disposition of the case, the court, in these examination cases, shall tax fees and expenses for examinations and reports as costs to be paid "forthwith". The state institutions, which, in practice, conduct many of the mental examinations under Secs. 552.020 and 552.030, may rely, therefore, upon Sec. 191.130, to establish, prima facie, the amount due and its reasonableness as set forth in the certified statement.

On the meaning of "prima facie", this court, en banc, stated in Kaesser v. Becker, 295 Mo. 93, 243 S.W. 346, 350: " * * * Prima facie literally means at first view * * * [I]t is defined as: 'Such evidence as in judgment of law is sufficient to establish the fact, and if not rebutted remains sufficient for the purpose.'

"It is such proof as puts one contending against the truth of such prima facie showing to his own contrary proof, and, in the absence of such contrary proof, is sufficient to establish the fact finally. * * *"

In State ex rel. State Dept. of Pub. Health & W. v. Ruble (Mo.App.), 461 S.W. 2d 909, 913, the court says that "prima facie evidence" means " * * * such evidence which, in law, is sufficient to satisfy the burden of proof to support a verdict in favor of the party by whom it is introduced when not rebutted by other evidence * *", although it " * * * is not conclusive evidence, and while it suffices to support a judgment upon a fact so established, it does not require or demand a verdict for the party whose contention it supports. * *"

In the case before us, the evidence was entirely documentary, there was no ques-

tion as to the authenticity of the superintendent's certificate of account, and the prosecuting attorney put on no evidence. Under these circumstances the court should have entered an order taxing costs in favor of the superintendent in the amount of $647.70.

The prosecutor makes the further contention that the court's order was for "observation and examination", but the account is for "care, treatment & exam costs", and that the only amount which should be taxed as costs is the amount directly attributed to examination, not including care, treatment, and board and room. This suggested handling overlooks that we are not dealing with a private institution which bills its patients on an individual, itemized basis, according to the services and treatment furnished, but with a state hospital, charged with the mission of providing care, treatment, examination, report, education and training of the mentally retarded, Sec. 202.020, operated on annual state appropriations made by the legislature after consideration of budget estimates as to what it will cost to operate the institution as a whole, with the maximum charge for private patients to be established by the director on a per capita inpatient cost as prescribed by Sec. 202.330. The circuit court cannot tell the director what the per capita rate shall be per day. We know from the annual reports of the division for the fiscal years covering the period when Siecke was being examined,[2] that the per capita cost per day established by the director, based on total operating appropriations and average daily inpatient population at the Fulton State Hospital, was $14.81 for 1968–69 and $17.00 for 1969–70. Siecke was in the hospital 51 days, which on a total account of $647.70, is exactly $12.70 per day, so it was apparent the superintendent was charging the county less than the maximum rate which he was authorized to set for private patients. Needless to say, this daily rate is much less than that charged by private hospitals.

While the certificate of account does contain the words "Care, treatment & exam", the superintendent's motion seeks only to be allowed the reasonable costs of the examination and the report. In view of the way the charges at the state hospital are computed, we do not regard the words "Care, treatment" as meaning that Siecke was given any particular care or treatment or that the charges made were any different from those made for any private impatient at Fulton, except slightly lower. Under the statutes which require only that the director establish the maximum charge for private patients on a per capita basis, the hospital is not required to set up an elaborate and expensive cost accounting system for persons who are examined under Secs. 552.020 and 552.030, which would have to be done to provide the itemization asked by the prosecuting attorney.

The judgment is reversed and the cause remanded with directions to enter an order taxing as criminal costs in favor of the superintendent the sum of $647.70 to be paid forthwith by the county.

All of the Judges concur.

2. Annual reports to the governor and biennial reports to the general assembly are required by Sec. 191.100, and so we take notice of the data contained therein.