STATE of Missouri, Plaintiff-Respondent,

v.

Willy A. PAGE, Defendant,

Beverly Wilson, M. D., Acting Director, Missouri Department of Mental Health, Third-Party Appellant.

No. 11429.

Missouri Court of Appeals, Southern District, En Banc.

Jan. 2, 1980.

No appearance for plaintiff-respondent.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for third-party appellant.

PREWITT, Judge.

Defendant was charged with possession of a forged check. He entered a plea of not guilty by reason of mental disease or defect excluding responsibility. The plea was accepted and defendant committed for treatment to the Director of the Department of Mental Health. §§ 552.030–552.040, RSMo 1978.[1] The order of commitment provided that "the cost of confinement at said hospital be charged to and collected from the county of Jasper". Defendant was sent to the Fulton State Hospital and on June 22, 1979, its superintendent filed a motion for allowance of costs, seeking $9,727.83 for defendant's care from October 18, 1978, through June 3, 1979. The motion and verified statement recite that the costs are for a court ordered examination and report, but it is obvious that they are for his care after his acquittal. The record discloses that defendant was examined by a state hospital physician in 1977 pursuant to an order of the magistrate court of Jasper County.

On June 25, 1979, the circuit court denied the motion for costs on the ground that when § 202.863 was amended in 1976, it relieved counties from paying the costs of patients in state hospitals.

■ The procedure here followed was approved in *State v. Siecke,* 472 S.W.2d 367 (Mo. banc 1971), for taxing as costs the expenses of an examination and report provided for in § 552.020. There a motion for costs pursuant to § 552.080.1(1) was denied by the trial court. On appeal it was held that a verified certificate of a superintendent of a state hospital, executed pursuant to § 191.130, was sufficient proof, in the absence of any showing to the contrary, to require the circuit court to order the charges taxed as costs. Based on that decision, it would appear that the procedure here is proper and the proof sufficient.

■ The trial court's denial of the motion based on changes in § 202.863 was incorrect. Chapter 202 deals with civil commitments and chapter 552 with criminal commitments and except where sections of chapter 202 are specifically listed in chapter 552, chapter 202 has no application to criminal commitments. *Robb v. Estate of Brown,* 518 S.W.2d 729, 734 (Mo.App.1974). Also see *State v. Kee,* 510 S.W.2d 477, 480 (Mo. banc 1974).

---

1. Unless otherwise stated, all statutory references are to RSMo 1978.

Where a defendant is acquitted on the grounds of mental disease or defect, his care and treatment expenses in a state mental hospital are to be taxed as costs. § 552.080.1(2). *Robb v. Estate of Brown,* supra, 518 S.W.2d at 732–733. Who must bear the costs is set forth in § 550.040. Id. 518 S.W.2d at 733. See also, regarding the taxing of costs under § 552.080, Pener, The Missouri Criminal Cost System Re-Examined, 46 U.M.K.C. L.Rev. 1 at 33–41 (1978) and Missouri's Mental Responsibility Law—A Symposium, 19 J.Mo.Bar. 645, 728 (1963). In *Robb,* expenses at a state hospital were held to be court costs after an acquittal by reason of mental disease or defect. There, due to the crime (murder), the costs were to be borne by the state. Here defendant was charged under § 561.-011, RSMo 1969, which can be punished by other than imprisonment in the penitentiary, and the costs are the obligation of the county. § 550.040; *State v. Wilbur,* 450 S.W.2d 458, 459 (Mo.App.1970). Under § 552.080.1(2), these expenses are to be taxed as costs and under § 550.040 paid by the county. We do not decide if the same procedure should be followed if these costs would ultimately have been borne by the state. For a discussion of this question, see Pener, supra, 46 U.M.K.C. L.Rev. at 40–41.

There was no question raised as to the authenticity of the certificate of account or the reasonableness of the amount, and the trial court should have entered an order taxing costs in the amount requested. *State v. Siecke,* supra, 472 S.W.2d at 369–370.

The judgment is reversed and the cause remanded with directions to enter an order taxing as costs in favor of third-party appellant the sum of $9,727.83 to be paid by Jasper County.

All concur.