STATE of Missouri,
Plaintiff–Respondent,

v.

D. S., Defendant,

Nicholas Bartulica, M.D., Third–Party
Appellant.

STATE of Missouri,
Plaintiff–Respondent,

v.

M. W. et al., Defendants,

Beverley Wilson, M.D., Third–Party
Appellant.

STATE of Missouri,
Plaintiff–Respondent,

v.

J. E. L., Defendant,

Beverley Wilson, M.D., Third–Party
Appellant.

No. 62260.

Supreme Court of Missouri,
En Banc.

Oct. 15, 1980.

John Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for third–party appellants.

Michael A. Insco, Pros. Atty., Hershel Shepherd, Asst. Pros. Atty., St. Joseph, for plaintiff–respondent.

SEILER, Judge.

This consolidated case consists of three separate appeals from circuit court (juvenile division) judgments denying motions that the juvenile court "tax as costs" the expenses incurred in psychiatric evaluations of juveniles conducted by the Department of Mental Health at the order of the courts. The expenses of examining the seventeen juveniles involved in these cases totalled $53,674.72. The issue presented here is whether § 211.161, RSMo 1978 [1] calls for the above expenses to be taxed as costs to the counties which ordered the examinations.

This appeal was originally heard in the Western District of the Court of Appeals, but was transferred to this court under Mo.Const. art. V, § 10 and Rule 83.01 V.A.M.R. because a dissenting judge certified the majority opinion to be in conflict with *State v. Williams*, 473 S.W.2d 382 (Mo. 1971) in regard to the rules of statutory construction. Pursuant to Mo.Const. art. V, § 10 we may, and do, treat these cases as though here on original appeal. We decide these cases by holding that § 211.161 does not provide that psychiatric examinations of juveniles may be taxed as costs.

Section 211.161 reads in pertinent part as follows:

"1. The court may cause any child within its jurisdiction to be examined by a physician, psychiatrist or psychologist appointed by the court in order that the condition of the child may be given consideration in the disposition of his case. The expenses of the examination when approved by the court shall be paid by the county.

"2. The services of a state, county or municipally maintained hospital, institution, or psychiatric or health clinic may be used for the purpose of this examination and treatment."

Appellants' point relied on states that "the trial court erred in denying appellants' motion for allowance of *costs*" (emphasis supplied) under § 211.161. The general rule regarding costs was set forth in *Cramer v. Smith*, 350 Mo. 736, 168 S.W.2d 1039, 1040 (banc 1943):

" 'At common law costs as such in a criminal case were unknown. As a consequence it is the rule as well in criminal as in civil cases that the recovery and allowance of costs rests entirely on statutory provisions--that no right to or liability for costs exists in the absence of statutory authorization. Such statutes are penal in their nature, and are to be strictly construed.' 20 C.J.S. Costs § 435, p. 677."

Likewise, in *McClue v. Epsten*, 492 S.W.2d 97, 98 (Mo.App. 1973) the court said, "The legal principle controlling here is that no item is taxable as costs unless specifically so provided by statute."

Section 211.161(1) does not provide for the expenses to be taxed as costs. Appellants cite *State v. Siecke*, 472 S.W.2d 367 (Mo.banc 1971) as analogous to the cases at bar. In *Siecke*, the expenses of psychiatric examinations of a criminal defendant were taxed as costs in favor of the appellant who was the superintendent of the Fulton State Hospital. Appellants overlook the fact that § 552.080 [2], construed in *Siecke*, expressly

1. All statutory references are to RSMo 1978.

2. Section 552.080 provides in relevant part: "[T]he court ... shall, upon application and approval, order the payment of or tax as costs the following expenses and fees ...:

"(1) Expenses and fees for examinations, reports and expert testimony of physicians appointed by the court to examine the accused under sections 552.020 and 552.030, or as designated by the superintendent of a facility of the department of mental health to make such examination."

provides for the court to "tax as costs" the expenses and fees of psychiatric examinations of criminal defendants.

Without statutory authorization, the expenses of the psychiatric examinations cannot be taxed as costs to the county. The judgments of the circuit courts overruling the motions to tax as costs are affirmed.

All concur.