In the Matter of the ESTATE OF Helen Louise KAMER, Incompetent.

Paul R. AHR, Director of State Department of Mental Health, Appellant,

v.

Edna KRANUNG, Guardian of the Estate of Helen Louise Kamer, Incompetent, Respondent.

No. 12075.

Missouri Court of Appeals, Southern District, Division One.

July 24, 1981.

John D. Ashcroft, Atty. Gen., Reginald H. Turnbull, Asst. Atty. Gen., Jefferson City, for appellant.

L. Dwayne Hackworth, Piedmont, for respondent.

TITUS, Judge.

On October 20, 1980, the Director of the Department of Mental Health filed his amended claim for $1,470 against the estate of Helen Louise Kamer, an incompetent. The claim represented $42 per diem charges "for professional care, board and room" furnished to Ms. Kamer from July 6, 1977 to August 10, 1977, when she was a patient in the Farmington State Hospital. At the conclusion of the hearing on October 22, 1980, the Circuit Court of Wayne County, Probate Division, dismissed the claim because it was barred by the statute of limitations and because the charges were not shown to have been reasonable. The director appealed.

A guardian of the person and estate of the incompetent was appointed June 28, 1977, by the Probate Court of Wayne County. The first insertion of the publication of notice of the appointment appeared in the July 7, 1977, edition of the Wayne County Journal-Banner.

The apt reader will observe the $1,470 claim represents $42 per diem charges for 35 days, whereas July 6 to August 10, 1977, if both dates are inclusive, represents a period of 36 days. To ascertain the 35 days for which a $42 per diem charge was made, would require the exclusion of either July 6 or August 10. If July 6 was included, which we do not know, only the $42 charge for that date would have been incurred before the first publication of notice of the appointment of the guardian. The nine month statute of limitations, i. e., § 475.210, V.A.M.S., is confined to claims "arising prior to" adjudication of incompetency and notice of the appointment of a guardian. Consequently, § 475.210 could only affect the $42 charge made for July 6. *Trask v. Davis*, 297 S.W.2d 792, 796–797[2] (Mo.App. 1957). However, if July 6 is not included in the 35 days for which charges are claimed, no part of the $1,470 claim would be affected by § 475.210.

"An action upon a liability created by a statute other than a penalty or forfeiture" must be brought within five years. § 516.-120–(2) RSMo 1978. Concerning persons admitted to a facility of the Department of Mental Health, § 202.240–1 RSMo 1978 provides: "If any person be admitted to a facility of the department who has an estate or if while a patient of any such facility shall become possessed of an estate, such patient or his guardian shall pay for his support and expenses at the facility as determined by the application of the standard means test pursuant to the provisions of section 202.330 out of the patient's estate; . . ." Also, see § 202.265 RSMo 1978.

Respondent's brief filed in this court states: "Appellant maintains that Section 516.120 is the applicable statute. It must be conceded that this is true as to liabilities incurred after the first notice of publication of the appointment of a guardian. However, as to prior liabilities Section 475.210 should apply." Thus, there appears to be apparent agreement that the trial court erred in declaring all charges claimed by the director were "barred by the statute of limitations" (§ 475.210) as only those unpaid charges that may have been incurred prior to July 7, 1977, would be affected thereby. As previously indicated herein the record does not disclose what, if any, per diem charges would be barred under § 475.210.

Per §§ 191.130 RSMo 1978 and 630.220 1980 Cum.Supp., a certificate of account verified by the head of a mental health facility and sealed with the seal of that institution "shall be prima facie evidence of the amount due." No one in this case questions the authenticity of the certificate of account or the reasonableness or accuracy of the $42 per diem charge. No evidence was offered by the respondent who is content to simply assert that the director's failure to affirmatively prove the accuracy and reasonableness of the charges justified the action of the court nisi in dismissing the claim. We believe *State v. Siecke*, 472 S.W.2d 367, 369 (Mo. banc 1971) is determinative here. *Siecke* held that where a defendant was examined at a state hospital, that institution could properly rely upon § 191.130 to establish, prima facie, the amount due and the reasonableness of its charges as set forth in the certified state-

ment because prima facie evidence is " '[s]uch evidence as in judgment of law is sufficient to establish the fact, and if not rebutted remains sufficient for the purpose.' "

Because of our inability, under the record presented, to make an accurate determination of what part, if any, of the claim of the director was barred by § 475.210, we are unable to give such judgment as the trial court ought to have given. Rule 84.14, V.A.M.R. Therefore, the judgment of the circuit court is reversed and the cause is remanded for a new trial with the hope that the parties, to avoid the expense and labors a new trial would entail, may stipulate to the proper amount to which the director is entitled under his claim.

GREENE, P. J., and FLANIGAN, J., concur.