Earl Robert SCHULTZ III, Appellant,

v.

WARREN COUNTY and LaFarge
North America, Inc.,
Respondent.

No. ED 89534.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 15, 2008.

899

Mary B. Schultz, Chesterfield, MO, for appellant.

Jay L. Levitch, St. Louis, Timothy M. Joyce, Warrenton, W. Dudley McCarter, Joseph C. Banner, Clayton, MO, for respondents.

LAWRENCE E. MOONEY, Presiding Judge.

In this dispute over a land-use permit, Earl Robert Schultz III appeals the circuit court's judgment dismissing his petition with prejudice. Because we find the issues presented by Mr. Schultz's petition were not ripe for judicial review, we modify the circuit court's judgment of dismissal to be without prejudice and, as modified, we affirm.

*Factual and Procedural Background*

The dispute stems from an application by LaFarge North America, Inc., for a conditional use permit to operate a proposed asphalt and/or concrete plant on land it owns in Warren County, Missouri. LaFarge's property is within an area zoned by the county as an Agricultural and Forest Management (AFM) District. The County's zoning ordinances specifies certain "permitted," "conditional," and "prohibited" uses of land within an AFM district. As a general matter, the County has declared that certain land uses—identified as conditional uses—present unique problems with respect to their proper location and relationship to other land uses. Therefore, analysis and judgment of the consequences of such uses is necessary. Accordingly, the County requires that those wishing to use their land for a conditional use apply for a conditional use permit. The application and approval process for such a conditional use permit is set forth in the county's zoning ordinances. Essentially, those wishing to use their land for a

conditional use must submit a permit application to the County's Zoning Enforcement Officer. This officer then refers the application for a hearing before the County's Planning and Zoning Commission, which then makes a determination on whether to approve or deny the application. The zoning ordinances also provide a process to protest the Planning and Zoning Commission's decision. Those parties aggrieved by the decision of the Planning and Zoning Commission regarding a conditional use permit may file a protest with the County Commission requesting a determination by that body. In the event such a protest is filed, any conditional use permit approved by the Planning and Zoning Commission does not go into effect, and the entire matter is referred to the County Commission, which makes the ultimate determination on whether to grant the requested permit. After a protest is filed, the zoning ordinances require that the County Commission hold its own public hearing on the protest. Following this hearing, the County Commission is to make a determination regarding the impact of the conditional use in accordance with certain specified criteria set forth in the zoning ordinances. The ordinances empower the County Commission to affirm, reverse, or modify, in whole or in part, any determination of the Planning and Zoning Commission regarding the conditional use permit.

In light of the County's zoning ordinances, LaFarge submitted an application to Warren County for a conditional use permit to operate a proposed asphalt and/or concrete plant on its property. The Planning and Zoning Commission, after public hearing, voted to approve LaFarge's application for a conditional use permit.

Mr. Schultz, who owns property near that of LaFarge, filed a protest with the Warren County Commission, challenging the Planning and Zoning Commission's decision to approve LaFarge's application for a conditional use permit. The County Commission held a public hearing on Mr. Schultz's protest and then voted, on July 24, 2006, to deny Mr. Schultz's protest. The County Commission did not, however, take any vote on whether to approve LaFarge's application and issue LaFarge the requested conditional use permit.[1]

Mr. Schultz filed a petition in the circuit court, on August 22, 2006, seeking judicial review of the County Commission's vote denying his protest. Mr. Schultz's five-count petition sought a writ of certiorari to review the decision of the Warren County Commission overruling his protest, administrative review of the denial of his protest, a declaratory judgment that an asphalt and/or concrete plant is not a permitted "conditional use" in Warren County's AFM zoning classification, injunctive relief prohibiting Warren County from issuing a conditional use permit, and injunctive relief prohibiting LaFarge from commencing construction and/or operation of an asphalt and/or concrete plant.

Warren County and LaFarge moved to dismiss Mr. Schultz's petition, advancing several grounds for dismissal, including that Mr. Schultz's action was premature and unripe because the County had not yet taken final action on the conditional use

---

1. It appears the County Commission voted to approve LaFarge's application for a conditional use permit over one year later, on September 11, 2007. A challenge to that action is pending in the trial court. Given our modification of the dismissal of Mr. Schultz's petition to be without prejudice, the dismissal of this action will not have any preclusive effect on the pending action by virtue of the doctrines of res judicata and collateral estoppel. See Missouri Soybean Ass'n v. Missouri Clean Water Com'n, 102 S.W.3d 10, 29 (Mo. banc 2003); see generally, Bachman v. Bachman, 997 S.W.2d 23 (Mo.App. E.D.1999).

permit application. After argument of counsel, the circuit court dismissed Mr. Schultz's petition with prejudice. Mr. Schultz now appeals.[2]

## Discussion

 Application of the traditional doctrine of ripeness demonstrates that Mr. Schultz's action was prematurely filed and unripe for judicial review. It is well established that in order for a controversy to be ripe for adjudication, a "sufficient immediacy" must be established. *Buechner v. Bond,* 650 S.W.2d 611, 614 (Mo. banc 1983). "Ripeness does not exist when the question rests solely on a probability that an event will occur." *Id.* The doctrine of ripeness "is a 'tool' of the court, which is used to determine whether a controversy is 'ripe' or ready for judicial review, or whether by conducting the review, we would simply be rendering an advisory opinion on some future set of circumstances, which we are not permitted to do." *Local 781 Intern. Ass'n of Fire Fighters, AFL–CIO v. City of Independence,* 947 S.W.2d 456, 461 (Mo.App. W.D. 1997). The determination to grant or withhold a conditional use permit is administrative in nature, and the conditional use permit procedure is an administrative action. *State ex rel. St. Louis County v. Jones,* 498 S.W.2d 294, 299 (Mo.App.1973) "In the context of administrative agency action, the ripeness doctrine allows a court to 'apply a pragmatic test to determine whether the agency action is sufficiently binding and sufficiently clear in scope and implications to be susceptible to judicial evaluation in the form in which it is presented.'" *Missouri Soybean Ass'n v. Missouri Clean Water Com'n,* 102 S.W.3d 10, 26 (Mo. banc 2003)(quoting Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise sec. 15.1 at 306

(3d. ed.1994)). "The basic rationale of the ripeness doctrine is to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Missouri Soybean,* 102 S.W.3d at 26 (quoting *Abbott Laboratories, Inc. v. Gardner,* 387 U.S. 136, 148–9, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

Here, Mr. Schultz's petition does not present any issues that are ripe for judicial determination. Mr. Schultz is challenging the denial of his protest to the Planning and Zoning Commission's decision to approve LaFarge's application for a conditional use permit. However, such denial has no direct or immediate effect on the interest of any party. Mr. Schultz suffers no adverse impact from the Commission's mere denial of his protest. LaFarge cannot proceed with its proposed plant by virtue of the protest's denial. At the time Mr. Schultz filed his petition, further steps remained in the permit-application process. The administrative decision had yet to be concluded. In sum, the County Commission had not yet voted to approve LaFarge's application for a conditional use permit. The County Commission could very well have later voted to deny the application. Any review at this stage in the proceedings would have been based on speculation and probabilities. Review should occur when any claims of harm are more imminent and more certain, and the effects felt in a concrete way.

## Conclusion

This Court holds that the issues presented in Mr. Schultz's petition were not then

2. We deny all pending motions.

ripe for judicial determination. Accordingly, the circuit court properly dismissed Mr. Schultz's petition. However, because the controversy was not ripe for judicial review, the circuit court's judgment is one without prejudice. *Missouri Soybean,* 102 S.W.3d at 29. The circuit court's judgment of dismissal is hereby modified to explicitly state that the dismissal is due to lack of ripeness and is one without prejudice. Rule 84.14; *Missouri Soybean,* 102 S.W.3d at 29; *Brinson v. Whittico,* 793 S.W.2d 632, 633 (Mo.App.1990).

We affirm the judgment of the circuit court, as modified.

BOOKER T. SHAW, J., and KURT S. ODENWALD, J., concur.