

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107198 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Montgomery County |
| vs. | ) | 14BB-CR00161-02 |
| | ) | |
| DOUGLAS JAMES BOSTON, | ) | Honorable Wesley C. Dalton |
| | ) | |
| Appellant. | ) | Filed: April 23, 2019 |

## OPINION

Douglas Boston appeals the order of the Circuit Court of Montgomery County denying his motion to retax costs assessed against him in the underlying criminal case that resulted in his guilty plea. Because we find that Montgomery County had no authority to assess costs in this case, we reverse and remand with directions.

### I.    Background

Boston was charged in the Circuit Court of Warren County with child molestation and sexual misconduct in April 2014. Pursuant to Rule 32.03,[1] Boston was granted a change of venue as a matter of right from Warren County to neighboring Montgomery County. In January 2015, following his guilty plea to the child molestation charge, Boston was sentenced to fourteen years in prison in the custody of the Missouri Department of Corrections (DOC). In its judgment, the

---

[1] All rules references are to the Missouri Supreme Court Rules (2018).

court ordered costs taxed against Boston. Soon after his guilty plea, Boston was transferred from the Warren County jail—where he had been held while the charges were pending—to the DOC.

Though the prosecution was carried out in Montgomery County following the change of venue, Boston was never held in the Montgomery County jail. Nevertheless, *Montgomery* County sent a bill of costs to the State for $5,807.46, most of which were Boston's boarding costs in the *Warren* County jail. Then, in July 2018, Boston received a costs bill of $18,493.73 from a debt collection agency retained by Montgomery County to collect costs it claimed Boston owed.

Boston filed a motion to retax costs seeking the trial court's ruling that he owes no costs. Following a hearing, the court denied Boston's motion. The present appeal follows.

## II.    Standard of Review

Because Boston's first point raises a question of statutory construction and is therefore an issue of law, our review is *de novo*. *Investors Alliance, LLC v. Bordeaux*, 428 S.W.3d 693, 695 (Mo.App.E.D. 2014).

## III.    Discussion: Montgomery County had no statutory authority to tax costs in this case.

At common law, costs were not recoverable in criminal proceedings. *State v. D. S.*, 606 S.W.2d 653, 654 (Mo.banc 1980); *City of Greenfield v. Farmer*, 190 S.W. 406, 407 (Mo.App. 1916). The recovery of costs in criminal cases is permitted only pursuant to express statutory authority which we strictly construe. *State v. Anderson*, 758 S.W.2d 500, 502 (Mo.App.W.D. 1988). No item is taxable as a cost unless it is specifically authorized by statute. *State v. D. S.*, 606 S.W.2d 653, 654 (Mo.banc 1980). Additionally, the term "costs" generally refers to those items connected with the actual presentation of testimony and the fees of specified officers, and courts are reluctant to expand the meaning of the term. *Anderson*, 758 S.W.2d at 502.

2

The foregoing principles were recently employed by our Supreme Court in *State v. Richey*, SC 97604, 2019 WL 1247089, at *3 (Mo.banc Mar. 19, 2019), where the Court held that jail board bills are not court costs and may not be taxed as such because the legislature did not expressly make them so. *Id.*

Our analysis here is controlled by two statutory sections, §§ 550.120 and 550.130,[2] which apply specifically to the situation at hand concerning how costs are to be handled in a criminal case when there has been a change of venue:

> **550.120.1. Costs in change of venue. – costs defined.** In any criminal or civil case in which a change of venue is taken from one county to any other county, and whenever a prisoner shall, for any cause, be confined in the jail of one county, *such costs shall be paid by the county in which the case, indictment or information was originally instituted to the county in which the case is actually tried or where the prisoner is confined,* except when such case is transferred for improper venue. In all cases where fines are imposed upon conviction under such indictments or prosecutions, or penalties or forfeitures of penal bonds in criminal cases, are collected, by civil action or otherwise, payable to the county, such fines, penalties and forfeitures shall be paid into the treasury of the county where such indictment or information was originally found or such prosecution originally instituted, for the benefit of the public fund of the county.

> **550.130. Judge and prosecuting attorney to certify cost bill.** The bill of costs in any case, as provided for in section 550.120, shall be certified to by the judge and prosecuting attorney, as now provided by law, *and shall be presented to the county commission in which the indictment was originally found, or proceedings instituted, and shall thereupon be paid as if the cause had been tried or otherwise disposed of in said county.*

(Emphasis added).

Thus, when a change of venue has occurred in a criminal case, the county that originated the prosecution by indictment or information—in this case, Warren County—is responsible for costs even though the prosecution was handled and concluded in a separate county—here, Montgomery County. Accordingly, we hold that, under § 550.120.1, Montgomery County's only

---

[2] All statutory citations are to RSMo 2016 unless otherwise stated.

recourse was to seek recovery of its costs from Warren County. But that is not what happened here. Montgomery County sought costs from both Boston and the State, and failed to seek recovery of those costs from Warren County as required by § 550.130.[3] Because Montgomery County was without statutory authority to seek or recover costs from Boston or the State, such actions were improper, and it was therefore error for the trial court to deny Boston's motion to retax costs. *See State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 800 (Mo.banc 2017).

Accordingly, Boston's first point is granted. We reverse and remand with instructions for the trial court to vacate all court-cost tax bills issued in this case and to refund any costs recovered by Montgomery County. *See Wiley v. Daly*, 472 S.W.3d 257, 263 (Mo.App.E.D. 2015) ("The clear intent of the General Assembly expressed in § 514.270 is to enable citizens to challenge unauthorized court costs *and obtain a refund*[.]") (emphasis added).

Finally, we address Boston's assertion that we should declare him excused from all costs liability because within the aforementioned cost bill Montgomery County issued to the State, there is a finding by that court that he was insolvent. Since that insolvency finding is contained in the bill of costs that we have ordered vacated, we decline to render any opinion regarding the future legal effect of the court's factual finding as to Boston's insolvency. *See Schultz v. Warren County*, 249 S.W.3d 898, 901 (Mo.App.E.D. 2008).

---

[3] The State suggests that Montgomery County was seeking to collect costs "on behalf of Warren County." However, the State concedes that no statutory scheme exists for such an arrangement.

4

## Conclusion

For the reasons set forth above we reverse the trial court's order denying Boston's motion to retax costs and remand this matter for proceedings consistent with this opinion.

_____
James M. Dowd, Judge

Sherri B. Sullivan, P.J., and
Kurt S. Odenwald, J., concur.