

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107938 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | Scotland County |
| vs. | ) | Cause No. 14SY-CR00133-02 |
| | ) | |
| GARY L. THOMAS, | ) | Honorable Thomas P. Redington |
| | ) | |
| Appellant. | ) | Filed: December 3, 2019 |

**OPINION**

Gary L. Thomas ("Thomas") appeals the judgment of the Circuit Court of Scotland County (the "trial court") denying his motion to retax costs associated with Thomas's criminal case (in which Thomas pleaded guilty to a misdemeanor) that was concluded in Scotland County after it was transferred via a change of venue from Schuyler County. Thomas raises three points on appeal. In his first point, Thomas argues that the trial court erred in ordering that he owes a balance of $774.19 "because Schuyler County is responsible for the costs taxed in this case, in that the costs incurred on a change of venue are payable by the county in which the proceedings originated." In his second point, Thomas asserts that the trial court erred in declining to order that Scotland County issue a refund to him for the amount he paid ($372.00) towards assessed court costs because Scotland County lacked statutory authority to recover costs from Thomas

1

and must therefore refund any costs recovered, pursuant to § 514.270.[1] And in his third point, Thomas contends that the trial court erred in ordering that he owes a balance of $774.19 because "the trial court may not assess costs against indigent persons represented by a legal aid society or legal services organization." Thomas also filed a "motion for civil judgment" with our Court requesting that we schedule a hearing on the motion or enter judgment against the circuit clerk of Scotland County because the circuit clerk failed to prepare a proper fee bill. Thomas argues in his motion that he is entitled to treble the amount that he paid to Scotland County, pursuant to § 550.180. That motion was taken with the case.

Finding that Scotland County lacked statutory authority to seek or recover costs directly from Thomas, we reverse the trial court's judgment denying Thomas's motion to retax costs, and remand with instructions consistent with this opinion.

## I.      Factual and Procedural Background

On September 17, 2014, information was filed in the Circuit Court of Schuyler County charging Thomas with one count of felony stealing. On June 24, 2015, Thomas filed an application for change of venue, and the case was transferred from the Circuit Court of Schuyler County to the Circuit Court of Scotland County on June 29, 2015. On May 24, 2016, Thomas pleaded guilty to a reduced charge of misdemeanor stealing and was sentenced to 119 days in the county jail, with credit for time already served. In its judgment, the trial court ordered Thomas to pay the court costs and costs of incarceration incurred in his criminal case, and the circuit clerk of Scotland County thereafter issued the final fee bill for the case, taxing a total of $5,391.19 against Thomas ($4,245.00 for costs of incarceration and $1,146.19 for court costs). On July 21, 2016, the trial court issued a show cause order to Thomas that directed him to show cause for his

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. 2015.

failure to pay the assessed costs, and on August 16, 2016, the court issued a warrant for Thomas's arrest for failure to appear upon the show cause order. The warrant was served on March 2, 2018, and following a hearing on March 5, 2018, the trial court ordered that Thomas pay $100.00 per month towards the assessed court costs.

On April 29, 2019, Thomas filed his motion to retax costs, arguing that Scotland County had no authority to tax costs against him because a change of venue had occurred, and that Scotland County could only recover its costs from Schuyler County.[2] Thomas requested that the court vacate all court-cost tax bills that Scotland County had issued against him and that the court order Scotland County to refund the amounts Thomas had already paid towards those assessed costs. On June 7, 2019, the trial court held a hearing on the motion at which the circuit clerk of Scotland County and the Schuyler County presiding commissioner testified. Additionally, several exhibits detailing the assessed court costs and amounts Thomas had paid to Scotland County (equaling $372.00) were also admitted into evidence.

On June 11, 2019, the trial court entered its findings of fact, conclusions of law, and judgment denying Thomas's motion to retax costs, and determining that Thomas was not entitled to a refund of the $372.00 that he paid to Scotland County and still owed a balance of $774.19 for the assessed courts costs.[3] Acknowledging the recent holding from our Court in *State v. Boston,* 572 S.W.3d 160 (Mo. App. E.D. 2019), in which we held that a county to which a

---

[2] Thomas also filed a "Petition in Mandamus and Motion for Civil Judgment" in the Circuit Court of Scotland County on November 2, 2018, in which he requested that the court order Scotland County to complete and present a fee bill to Schuyler County for the court costs of Thomas's criminal case because "the costs incurred in a criminal case on change of venue are payable by the county in which the proceedings originated, pursuant to Section 550.120." The court in that case denied Thomas's petition and motion, reasoning that mandamus relief was not required because "[t]he appropriate remedy to address these issues is to file a motion in the underlying criminal case to re-tax costs and allow the court to grant relief." Thomas thereafter filed his motion to retax costs in the underlying criminal case.

[3] However, the trial court did order that the fee bill in this case be reduced by $4,245.00 because the costs of incarceration cannot be considered "court costs," pursuant to the Supreme Court of Missouri's recent holding in *State v. Richey,* 569 S.W.3d 420, 423–26 (Mo. banc 2019).

criminal case was transferred via a change of venue could not recover costs directly from the criminal defendant, the trial court reasoned that "[t]he final paragraph of that opinion specifically declines to excuse the defendant from all costs liability" and that *Boston* "does not prohibit this Court from enforcing the Judgment against the defendant for those costs," pursuant to §§ 550.010, 550.030, and 550.120. Additionally, the court also recognized that Thomas had previously informed the court that he was able to pay the assessed costs.

This appeal follows.

## II. Discussion

In this case, Thomas argues in his points on appeal that: (1) Scotland County cannot seek or recover costs from Thomas because Schuyler County is responsible for the costs of his criminal case, as the case originated in Schuyler County before the change of venue (pursuant to § 550.120.1); (2) Scotland County must issue a refund to Thomas for the $372.00 that he paid towards the court costs assessed by Scotland County because Scotland County was without statutory authority to recover costs from Thomas; and (3) costs cannot be assessed against Thomas because he is an indigent person represented by a legal aid society or legal services organization. Because Thomas's first and second points on appeal raise issues that are related, we address those two points together and thereafter address his third point separately.

Points I and II: Recovery of Costs in Criminal Cases with a Change of Venue

    *a. Standard of Review*

Because whether a county has authority to seek or recover costs from a criminal defendant is a question of statutory construction and, therefore, an issue of law, our review is *de novo. Boston,* 572 S.W.3d at 162; *see also State v. Richey,* 569 S.W.3d 420, 423 (Mo. banc 2019).

4

*b. Analysis*

"The recovery of costs in criminal cases is permitted only pursuant to express statutory authority which we strictly construe." *Boston,* 572 S.W.3d at 162 (citing *State v. Anderson,* 758 S.W.2d 500, 502 (Mo. App. W.D. 1988)); *see also State ex rel. Merrell v. Carter,* 518 S.W.3d 798, 800 (Mo. banc 2017) ("'Costs' are a creature of statute, and courts have no inherent power to award costs, which can only be granted by virtue of express statutory authority."). "Express statutory authority must be clear, definite, and unambiguous." *Richey,* 569 S.W.3d at 423.

In this case, whether Scotland County has express statutory authority to seek and recover costs directly from Thomas is governed by §§ 550.010, 550.030, 550.120, and 550.130. The relevant parts of those sections read as follows:

> **Section 550.010. State or county to pay only reasonable occupancy costs and cost of incarceration.** *Whenever any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs*, and no costs incurred on his part, except fees for the cost of incarceration, including a reasonable sum to cover occupancy costs, shall be paid by the state or county.

> **Section 550.030. County to pay costs, when.** When the defendant is sentenced to imprisonment in the county jail, or to pay a fine, or both, and is unable to pay the costs, *the county in which the indictment was found or information filed shall pay the costs,* except such as were incurred on the part of the defendant.

> **Section 550.120.1. Costs in change of venue--costs defined.** In any criminal or civil case in which a change of venue is taken from one county to any other county, and whenever a prisoner shall, for any cause, be confined in the jail of one county, *such costs shall be paid by the county in which the case, indictment or information was originally instituted to the county in which the case is actually tried or where the prisoner is confined,* except when such case is transferred for improper venue….[4]

---

[4] Section 550.120.2 goes on to state that:

> The term "costs" as used in this section means:
> (1) All items, services and other matters defined as costs under any other provisions of law relating to criminal or civil procedures;
> (2) All moneys expended as salaries of persons directly related to the care of criminal defendants, security of the court, security of the jury and the room and board thereof, transportation of the jury, security and room and board of witnesses, and the processing of the cause, paid or payable out of the county treasury to which venue has been changed;

**Section 550.130. Judge and prosecuting attorney to certify cost bill.** The bill of costs in any case, *as provided for in section 550.120*, shall be certified to by the judge and prosecuting attorney, as now provided by law, *and shall be presented to the county commission in which the indictment was originally found, or proceedings instituted, and shall thereupon be paid as if the cause had been tried or otherwise disposed of in said county.*

(Emphasis added).

From a plain reading of the aforementioned sections in concert, the following is clear: (a) the bill of costs (certified to by the prosecuting attorney and presiding judge) in a case shall be presented in the county where the indictment was originally found or proceedings were instituted and paid thereupon as if the case was tried or disposed of in that county (§ 550.130); (b) a person convicted of a crime or misdemeanor shall be adjudged to pay the costs of the case (§ 550.010); (c) when a person is sentenced to imprisonment in the county jail and/or to pay a fine, but is unable to pay the costs of the criminal case, the county in which the indictment was found or information filed shall pay the costs (§ 550.030); and (d) when a case is transferred from one county to another via a change of venue, the transferor county shall pay the costs incurred by the transferred case to the transferee county (§ 550.120.1). Thus, where a change of venue has occurred, there is statutory authority for the transferee county that handled and concluded the prosecution of a criminal case (in this case, Scotland County) to seek and recover the court costs of the transferred case from the transferor county where the indictment was found or information was filed (Schuyler County) (§ 550.120.1), and there is statutory authority for the transferor county to seek and recover costs from the person convicted of a crime or misdemeanor (§§ 550.010 and 550.130). However, where there is a change of venue, there is no statutory

(3) All expenses of whatever nature incurred by a county as the result of jury selection and service pursuant to the provisions of chapter 494;
(4) Any other expense directly related to the trial and prosecution of such criminal charge found necessary by the trial judge hearing the case.

authority for the transferee county (Scotland County) to seek or recover court costs directly from a person convicted of a crime or misdemeanor. *Boston,* 572 S.W.3d at 163 (holding that the transferee county must seek recovery of court costs from the transferor county, pursuant to §§ 550.120.1 and 550.130, and that the transferee county lacked statutory authority to seek and recover costs directly from the criminal defendant). In this case, Scotland County lacked statutory authority to collect court costs directly from Thomas, and may only collect court costs of Thomas's criminal case from Schuyler County. *See id.*; §§ 550.120.1 and 550.130.

We therefore find that the trial court erred in denying Thomas's motion to retax costs, as Scotland County lacked express statutory authority to seek or recover court costs directly from Thomas. *See Boston,* 572 S.W.3d at 163; *Carter,* 518 S.W.3d at 800. Accordingly, Thomas's second point on appeal is granted. We reverse the trial court's judgment in regards to its determinations that Thomas owes a balance to Scotland County for the court costs related to his criminal case and that Thomas is not entitled to a refund of the $372.00 that he paid to Scotland County, and remand with instructions for the trial court to vacate all court-cost tax bills assessed against Thomas by Scotland County and to refund any court costs recovered from Thomas by Scotland County in this case. *See Wiley v. Daly,* 472 S.W.3d 257, 263 (Mo. App. E.D. 2015) ("The clear intent of the General Assembly expressed in § 514.270 is to enable citizens to challenge unauthorized court costs and obtain a refund....").

While we agree with Thomas that Scotland County lacked statutory authority to seek or recover court costs directly from him, we reject his assertion contained in his first point on appeal that Schuyler County is "responsible" for the costs associated with Thomas's criminal case in which he pleaded guilty to a misdemeanor. In his first point, Thomas contends that the language of § 550.120.1, that "costs shall be paid by the county in which the case, indictment or

information was originally instituted to the county in which the case is actually tried or where the prisoner is confined," means that it is Schuyler County that is responsible for the costs of Thomas's criminal case. However, such a reading would inherently conflict with § 550.010 (which states that "[w]henever any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs") in criminal cases that undergo a change of venue. Hypothetically, if a change of venue never occurred in Thomas's case, he would unquestionably be required to pay the court costs of his criminal case (unless it was found that he could not) in which he pleaded guilty to a misdemeanor, pursuant to § 550.010. While Thomas attempts to create a conflict between §§ 550.010 and 550.120.1, the two sections can be read harmoniously such that both can be given effect. *See S. Metro. Fire Prot. Dist. v. City of Lee's Summit,* 278 S.W.3d 659, 666 (Mo. banc 2009) ("Where two statutory provisions covering the same subject matter are unambiguous standing separately but are in conflict when examined together, a reviewing court must attempt to harmonize them and give them both effect."). Although the interrelationships of §§ 550.010, 550.030, 550.120 and 550.130 are not expressly stated in many of those sections, it is clear that § 550.120.1 authorizes a transferee county to recover the costs incurred by a case transferred via a change of venue from the transferor county, and that §§ 550.010 and 550.130 authorize the transferor county to collect costs from the person convicted of a criminal offense.[5] Thus, under the aforementioned sections, a person convicted of a crime or misdemeanor shall be adjudged to pay the costs (§ 550.010) (unless the defendant is sentenced to imprisonment in the county jail and/or to pay a fine and is unable to pay the costs,

---

[5] While we will not theorize as to the legislature's intent in drafting § 550.120.1, it is logical that the section shifts the burden of cost of a transferred case from the transferee county to the transferor county that initiated the case, and that §§ 550.010 and 550.130 place the impetus on the transferor county to seek and recover the court costs of a transferred case from the person convicted of a criminal offense.

8

in which case the county in which the case originated pays the costs, pursuant to § 550.030)[6] and the costs are thereupon paid in the county where the indictment was originally found or proceedings instituted (§ 550.130), regardless of whether there was a change of venue; the only alteration when there is a change of venue is that the transferor county pays the costs incurred by the transferred case to the transferee county (§ 550.120.1). Thomas's first point on appeal is therefore denied.

Point III: Costs Assessed Against Indigent Persons

In his third point, Thomas argues that the trial court also erred by assessing court costs against him because "the trial court may not assess costs against indigent persons represented by a legal aid society or legal services organization." However, we find that the issue of whether Thomas is unable to pay the court costs of his criminal case is not ripe for our review, as it was never decided by the trial court during the proceedings below. The trial court specifically noted in its judgment on the motion to retax costs that, "In this case the defendant told the Court he was employed as a subcontractor and was able to pay the costs. He agreed to pay $100 a month beginning on July 12, 2016 and each month thereafter until the costs were paid in full." The trial court never adjudged Thomas to be unable to pay the court costs of his case at any point during his criminal proceedings nor during the proceedings on the motion to retax costs. And during the hearing on the motion to retax costs, the court specifically refused to hear argument on the issue of Thomas's inability to pay the court costs, stating "[I]f I decide that he's going to be ordered to pay the costs, I'll order him to come back into court again … and at that time we'll hear evidence about his ability to pay."

---

[6] Relatedly, § 550.020.1 establishes that, when a defendant is sentenced to imprisonment in the penitentiary and is unable to pay the costs, the state (and not the county where the indictment was originally found or proceedings instituted) shall pay the costs.

As this issue was never adjudicated by the trial court, we find that it is not ripe for appellate review. "Without a ruling on an issue by the circuit court, the issue is not ripe and there is nothing to review on appeal." *Gerken v. Sherman,* 484 S.W.3d 95, 104 (Mo. App. W.D. 2015); *see also Kohl v. Kohl,* 397 S.W.3d 510, 520 (Mo. App. W.D. 2013) (stating that, where an issue has yet to be decided by the trial court, the issue is not ripe for appellate review). Thomas's third point on appeal is therefore denied. However, we note that Thomas may still file a motion before the trial court requesting that he be found unable to pay the court costs assessed in his criminal case.

Thomas's Motion for Civil Judgment

On Thomas's "motion for civil judgment" filed with our Court, we deny that motion upon finding that we cannot grant the relief that Thomas requests in his motion. Specifically, Thomas asks that we "schedule this Motion for hearing at such time as to give the parties and the clerk at least two days' notice of such motion, in accordance with … § 550.180" or "enter judgment against the circuit clerk [of Scotland County] in treble the amount of costs to which [Thomas] is entitled in the cause," pursuant to § 550.180,[7] because "[b]y the clerk's own admission, she failed to prepare a proper fee bill in violation of … § 550.140." Regardless of what the circuit clerk testified to at the hearing before the trial court, "Missouri courts have consistently held that no judgment can be granted against someone who is not a party to the case." *Wright v. Bartimus Frickleton Robertson & Gorny PC,* 364 S.W.3d 558, 565 (Mo. App.

___

[7] In its entirety, § 550.180 states:

> If any clerk shall fail to tax the costs and make out a proper fee bill, or shall willfully neglect to perform any duty required of him in sections 550.140 and 550.190, he shall be liable to the person injured by such neglect in treble the amount of costs to which the party is entitled in the cause, and the court shall give judgment therefor against the clerk, on motion of the party entitled thereto; provided, that the party asking such judgment shall give two days' notice of such motion, which may be served on the clerk or his deputy.

10

W.D. 2011); *see also The Schumacher Grp., Ltd. v. Schumacher,* 474 S.W.3d 615, 622 (Mo. App. W.D. 2015) ("It is a settled principle grounded in fundamental notions of due process that no judgment can be granted against someone who is not a party to the case."). Thus, because the circuit clerk of Scotland County was not a party to the underlying case and because Thomas did not file such a motion as stated in § 550.180 before the trial court, we cannot order the trial court to enter judgment against the circuit clerk. Nor is it within our purview to enter judgment against the circuit clerk, hold a hearing on the motion, or schedule a hearing on the motion on the trial court's behalf.

### III. Conclusion

For the foregoing reasons, we reverse the trial court's judgment denying Thomas's motion to retax costs in regards to the court's determinations that Thomas owes a balance for court costs associated with his criminal case to Scotland County and that Thomas was not entitled to a refund of $372.00 for the amount he had already paid towards those assessed costs, and remand for proceedings consistent with this opinion.

_____
Colleen Dolan, Chief Judge

James M. Dowd, J., concurs.
Robin Ransom, J., concurs.

11