**LEMAY FIRE PROTECTION DISTRICT, Relator/Appellant,**

v.

**ST. LOUIS COUNTY, Missouri, Respondent/Respondent,**

and

**City of Maryland Heights, Intervenor/Respondent.**

No. ED 95318.

Missouri Court of Appeals, Eastern District, Division Two.

April 12, 2011.

Matthew E. Hoffman, Hoffman & Slocomb, St. Louis, MO, for appellant.

Cynthia L. Hoemann, Associate County Counselor, Clayton, MO, for respondent.

Howard Paperner, Lilian H. Doan, St. Louis, MO, for intervenor.

KATHIANNE KNAUP CRANE, Judge.

A fire protection district filed a petition for writ of mandamus seeking to compel St. Louis County to share with the district the gaming tax revenue that the County receives from a casino pursuant to the gaming tax statute, section 313.822 RSMo (2000).[1] The County filed a motion to dismiss for failure to state a claim upon which relief can be granted on the ground that section 313.822 did not clearly establish the district's right to receive gaming taxes from the County. The City of Maryland Heights intervened and joined in the motion to dismiss. The trial court granted the motion and dismissed the petition with prejudice. The district appeals. We affirm.

On March 12, 2010, the Lemay Fire Protection District (the LFPD) filed a petition for writ of mandamus seeking to compel St. Louis County (the County) to distribute to the LFPD a portion of the gaming tax revenue the County was to receive from a casino, River City Casino, pursuant to section 313.822. The petition alleged that River City Casino opened on March 4, 2010, within the LFPD boundary; that section 313.822 provided that the "home dock city or county shall receive ten percent of the adjusted gross receipts tax collections .... *for use in providing services necessary for the safety of the public visiting an excursion gambling boat*,"; that the County does not have firefighters or ambulance services to provide for the safety of the public visiting River City Casino; that the LFPD had already made multiple visits to River City Casino to provide public safety services; that River City Casino is required to pay the gaming tax pursuant to section 313.822; and that the County has refused to share its gaming tax revenue with the LFPD. The LFPD sought a permanent writ of mandamus ordering the County to properly use its gaming tax revenue for the purposes

---

1.  All further statutory references are to RSMo (2000), unless otherwise indicated.

for which it was established, including the distribution of funds to the LFPD.

The County filed a motion to dismiss the petition on the ground that the petition failed to state a claim for relief in mandamus because neither the facts nor the law established that the LFPD had a clear, presently existing right to gaming tax revenue. In its memorandum in support of its motion, it argued that the statute did not impose a duty on the County to share its gaming tax revenue with the LFPD and that fire districts are not entitled to anything under the statute. The City of Maryland Heights filed a motion to intervene and to join in the County's motion to dismiss on the ground that it was a home dock city to a different casino, it received a gaming tax revenue from that casino pursuant to section 313.822(1), and it did not share this revenue with any fire department. The trial court granted the motion to intervene, and it entered a judgment granting the County's motion to dismiss for failure to state a claim and dismissing the LFPD's petition for writ of mandamus with prejudice.

### DISCUSSION

For its sole point on appeal, the LFPD contends that the trial court erroneously dismissed its petition for writ of mandamus because section 313.822 requires the County to share its gaming tax revenue with the LFPD because the LFPD provides services necessary for the safety of the public visiting the casino, which, the LFPD concludes, is the reason the statute levies the gaming tax.

■ When a trial court does not set out the reasons for dismissal in its judgment, we presume that it dismissed the petition for one of the reasons asserted in the motion to dismiss. *Koehr v. Emmons*, 98 S.W.3d 580, 582 (Mo.App.2002). Here, the ground for the motion to dismiss was

failure to state a claim for which relief could be granted. Accordingly, the trial court ruled on the sufficiency of the allegations, which is an issue of law. *State ex rel. Schaefer v. Cleveland*, 847 S.W.2d 867, 870 (Mo.App.1992). If the trial court "dismisses the petition following answer or motion directed to the merits of the controversy and in so doing determines a question of fact or law the order is final and appealable." *Id.* We therefore have authority to hear this appeal.

■ A motion to dismiss a petition for a writ of mandamus for failure to state a cause of action, like any motion to dismiss for failure to state a claim, is solely a test of the adequacy of the relator's petition. *Hazelwood Yellow Ribbon Committee v. Klos*, 35 S.W.3d 457, 464 (Mo.App.2000) (citing *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993)). We review the grant of such a motion in the light most favorable to the relator's claims, assume all of the facts alleged in the pleading are true, construe those facts liberally in favor of the relator, give the relator the benefit of every reasonable intendment favorable to its pleading, and judge the pleading with " 'broad indulgence.' " *Klos*, 35 S.W.3d at 464 (quoting *Auto Alarm Supply v. Lou Fusz Motor*, 918 S.W.2d 390, 392 (Mo.App.1996)). When the issue is the interpretation of a statute, our review is *de novo*. *State ex rel. Goodman v. St. Louis Bd.*, 181 S.W.3d 156, 159 (Mo. App.2005).

■ A writ of mandamus is issued " 'to compel the performance of a ministerial duty that one charged with the duty has refused to perform.' " *Public Counsel v. Public Service Com'n*, 236 S.W.3d 632, 635 (Mo. banc 2007) (quoting *Furlong Companies v. City of Kansas City*, 189 S.W.3d 157, 165–66 (Mo. banc 2006)). The relator seeking mandamus must allege " 'that he has a clear, unequivocal, specific right to a thing claimed.' " *Id.* (quoting

*Furlong,* 189 S.W.3d at 166). Mandamus may not be used to establish a legal right; it may only be used to compel performance of a right that already exists. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994). The writ's purpose is to execute, not to adjudicate. *Id.*

■ To determine whether a relator's right to mandamus is clearly established and presently existing, we examine the statute under which the relator has claimed a right. *State ex rel. Killingsworth v. George,* 168 S.W.3d 621, 623 (Mo. App.2005); *see also Missouri PACARS v. Pemiscott County,* 217 S.W.3d 393, 397–98 (Mo.App.2007). Here, the LFPD claims a right under section 313.822(1) to a portion of the County's gaming tax revenue received from River City Casino. Section 313.822(1) provides:

> (1) Each excursion gambling boat shall designate a city or county as its home dock. The home dock city or county may enter into agreements with other cities or counties authorized pursuant to subsection 10 of section 313.812 [requiring voters approve operation of gambling boat] to share revenue obtained pursuant to this section. The home dock city or county shall receive ten percent of the adjusted gross receipts tax collections, as levied pursuant to this section, for use in providing services necessary for the safety of the public visiting an excursion gambling boat. . . .

■ The LFPD argues that the statutory language is "very clear" and provides that the County receive ten percent of the casino's adjusted gross receipts tax collection as the gaming tax revenue "for use in providing services necessary for the safety of the public visiting an excursion gambling boat." It argues that it would be unjust for the County to not share its gaming tax revenue with the LFPD because the LFPD provides and will continue to provide safety services to River City Casino because the County does not have its own firefighters or ambulance services. It concludes that the County must therefore use its gaming tax revenue to obtain these services from the LFPD.

This argument has no merit. The statute explicitly permits a home dock city or county to enter into agreements with certain cities or counties to share its gaming tax revenue. However, there is no language in the statute that permits, much less compels, a home dock city or county to share its gaming tax revenue with any other entity, including a fire district. The LFPD argues that such a requirement must be read into the statute to effectuate the purpose of section 313.822. Such a construction is inconsistent with the plain language of the statute and would require us to add language to the statute. " 'A court may not add words by implication to a statute that is clear and unambiguous.' " *State ex rel. Young v. Wood,* 254 S.W.3d 871, 873 (Mo. banc 2008) (quoting *Asbury v. Lombardi,* 846 S.W.2d 196, 202 n. 9 (Mo. banc 1993)).

In the context of this case, mandamus is clearly inappropriate. The statute does not impose any obligation on a home dock county to share its gaming tax revenue with a fire district. Mandamus must be based on a clear, unequivocal and specific right, and it may not be used to adjudicate the existence of a new right. *Chassaing,* 887 S.W.2d at 576; *Missouri PACARS,* 217 S.W.3d at 397. The LFPD is attempting to establish a new right to these funds rather than enforce a clearly established and presently existing right. It cannot do this in a mandamus action. *See Chassaing,* 887 S.W.2d at 577; *see also State ex rel. Petti v. Goodwin–Raftery,* 190 S.W.3d 501, 506 (Mo.App.2006).

■ The LFPD also argues that "a failure to follow proper procedures in the exercise of discretion is an abuse of discre-

tion[,] which is controllable by mandamus, and the Circuit Court can compel a state actor to exercise that discretion so as to conform to lawful and just methods of procedure," citing *Martin–Erb v. Mo. Com'n on Human Rights,* 77 S.W.3d 600, 607 (Mo. banc 2002). A court may only compel the performance of a ministerial duty by mandamus; it may not compel the performance of a discretionary duty. *Killingsworth,* 168 S.W.3d at 623. *Martin–Erb* held that while a court cannot compel the executive director of an administrative agency to exercise her discretion to reach a particular result, it can compel her to follow that agency's procedures for making the discretionary decision. 77 S.W.3d at 607. The LFPD did not allege that the County had rules or procedures for sharing gaming tax revenue or that the County failed to follow any such rules or procedures. The LFPD's petition clearly sought a particular result, that the County be required to distribute gaming tax revenue to the LFPD; it did not seek to compel the County to follow any of its existing procedures. Thus, *Martin–Erb* does not support the LFPD's position.

The LFPD did not allege facts establishing that it has a clear, unequivocal, and specific right to compel the County to distribute a portion of its gaming tax revenue to the LFPD under section 313.822(1). As a result, the LFPD's petition for a writ of mandamus failed to state a claim for which the writ could be granted. Point one is denied.

*Conclusion*

The judgment of the trial court is affirmed.

GLENN A. NORTON, P.J., and GEORGE W. DRAPER III, J., concur.