

# In the
# Missouri Court of Appeals
# Western District

KEVIN BARNES,

                    Appellant,

v.

REBECCA UHLICH,
SALINE COUNTY CIRCUIT CLERK,

                    Respondent.

**WD82622**

**OPINION FILED:**

**November 12, 2019**

### Appeal from the Circuit Court of Saline County, Missouri
### The Honorable Kelly Halford Rose, Judge

### Before Division Three:
### Gary D. Witt, P.J., Edward R. Ardini, and Thomas N. Chapman, JJ.

### *Summary*

Kevin Barnes (Barnes) appeals the Saline County Circuit Court's judgment, dismissing his petition in mandamus brought against the Saline County Circuit Clerk, Rebecca Uhlich (Circuit Clerk). Kevin Barnes was charged with a felony offense in Lafayette County, but his case was subsequently transferred to Saline County, in the matter entitled *State v. Kevin Barnes*, Saline County Circuit Court Case No. 17LF-CR00300-02. Following his conviction and sentence, the Saline County Circuit Court sought to recover court costs from Barnes associated with his conviction. Barnes filed a motion to retax costs in the Saline County criminal case, arguing that the Circuit Clerk was required to present a bill of costs to the Lafayette County Commission (the county that initiated Barnes's prosecution). Barnes later withdrew the notice

calling up his motion to retax costs in his criminal case; and filed his Petition in Mandamus in the instant action, seeking an order compelling the Circuit Clerk to present a bill of costs to Lafayette County. The Judgment Entry in the instant action dismissed Barnes's petition, finding that he failed to plead an essential element of his claim for mandamus relief and that he lacked standing to pursue such relief.

Barnes appeals the dismissal of his petition in mandamus, arguing that the Saline County Circuit Court erred in dismissing his petition because (1) the Circuit Clerk had a ministerial duty to present a bill of costs to the Lafayette County Commission; (2) that the Circuit Clerk defaulted by not filing an answer to his petition; and (3) that the Circuit Clerk is liable for treble the amount of costs assessed in Barnes's underlying criminal case. Finding no error, we affirm.

### Facts & Procedural Background

In March 2017, Barnes was charged with the class E felony of domestic assault in the third degree in Lafayette County, Missouri. Barnes sought and obtained a change of venue to Saline County, Missouri.[1] He was convicted and sentenced to four years imprisonment in the Missouri Department of Corrections.

While serving his sentence in July 2018, Barnes received a demand letter from a collection agency stating that he owed "outstanding court debt" in connection with his criminal case in the amount of $409.61. Barnes responded to the collection letter by disputing the validity of the debt. In its reply to Barnes, the collection agency stated that its client, the Saline County Circuit Court, had verified the validity of the debt. As a result of the costs that were taxed to Barnes by Saline County, "the amount of approximately $2.12 per month" was being seized from his prison inmate account.

---

[1] The Petition in Mandamus does not allege whether Lafayette County was the proper venue for the filing of the original charge, and, relatedly, does not indicate the basis for his request for transfer of venue.

2

In November 2018, Barnes filed a motion to retax costs in the Saline County criminal case. He argued that Lafayette County (the county that originated his prosecution) was responsible for reimbursing Saline County (the county where his case was transferred) for court costs incurred as a result of his prosecution and that he was "not responsible for any of the costs in this case." Barnes's motion to retax costs was taken up for hearing on November 29, 2018, and again for further consideration on December 20, 2018, and January 14, 2019; and remained under advisement after each hearing. On January 15, 2019, Barnes filed notice calling up his motion for change of judge and his "Request for Ruling on Defendant's Motion to Retax Costs" for hearing on January 28, 2019. On January 24, 2019, Barnes filed a Notice of Cancellation of Hearing, indicating that he would "be pursuing *an alternate remedy* in a separate action in the hopes of more expeditiously bringing resolution to the legal claims raised in this cause." (Emphasis added). The same day, Barnes filed his Petition in Mandamus in this matter, requesting an order compelling the Circuit Clerk "to complete and present a fee bill to the Lafayette county commission for payment of costs taxed in this cause[.]"

On February 11, 2019, the circuit court entered a Preliminary Order in Mandamus in the instant action directing the Circuit Clerk to "file [her] pleading to the petition in mandamus on or before February 22, 2019[.]" On February 20, 2019, the Circuit Clerk filed her Motion to Dismiss Barnes's petition, arguing that (1) his petition failed to state a cause of action for mandamus because he had an adequate alternative remedy in the form of a motion to retax costs, and (2) he lacked standing to pursue his action in mandamus. The same day Barnes filed a Motion for Civil Judgment, asking the Court to enter judgment against the Circuit Clerk "in treble the amount of costs taxed in cause number 17LF-CR00300-02…" On February 23, 2019, Barnes then filed his Motion for Default Judgment, arguing that the Circuit Clerk was required to

3

file an answer to his petition, and that she had defaulted by filing a motion to dismiss in lieu of an answer. Barnes did not file a notice along with his Motion for Default Judgment. The Circuit Clerk filed suggestions in opposition to Barnes's motion for default judgment and moved in the alternative for leave to file an answer out of time.

On March 5, 2019, the circuit court granted the Circuit Clerk's Motion to Dismiss, finding that Barnes "failed to establish a necessary element of mandamus relief" in that he had "a specific adequate, alternative legal remedy in a motion to retax costs." The circuit court also found that Barnes lacked standing to pursue the relief requested in his petition. This timely appeal follows.

## *Discussion*

"A writ of mandamus compels the performance of 'a ministerial duty that one charged with the duty has refused to perform.'" *State ex rel. Sasnett v. Moorhouse*, 267 S.W.3d 717, 720 (Mo. App. W.D. 2008) (quoting *State ex rel. McKee v. Riley*, 240 S.W.3d 720, 725 (Mo. banc 2007)). "There is no remedy that a court can provide that is more drastic, no exercise of raw judicial power that is more awesome, than that available through the extraordinary writ of mandamus." *State ex rel. Kelley v. Mitchell*, 595 S.W.2d 261, 266 (Mo. banc 1980). Thus, "[s]uch a writ is to be used only as a last resort, in those cases in which no adequate alternative remedy exists, and is only appropriate where it is necessary to prevent great injury or injustice." *Riley v. City Adm'r of City of Liberty*, 552 S.W.3d 764, 766 (Mo. App. W.D. 2018) (citations and quotation marks omitted). Recently, in *Curtis v. Missouri Democratic Party*, 548 S.W.3d 909, 914 (Mo. banc 2018) the Missouri Supreme Court observed:

> A writ of mandamus is discretionary, "and there is no right to have the writ issued." *State ex rel. Mo. Growth Ass'n v. State Tax Comm'n*, 998 S.W.2d 786, 788 (Mo. banc 1999). A writ of mandamus should issue only when a petitioner "allege[s] and prove[s] that he has a clear, unequivocal, specific right to a thing

4

claimed." *Furlong Cos., Inc. v. City of Kansas City*, 189 S.W.3d 157, 166 (Mo. banc 2006). A petitioner seeking mandamus relief "must show himself possessed of a clear and legal right to the remedy." *Id*.

Our review of the grant of a motion to dismiss is *de novo*. *State ex rel. Cmty. Treatment, Inc. v. Missouri Comm'n on Human Rights*, 561 S.W.3d 107, 111 (Mo. App. W.D. 2018). "'A motion to dismiss a petition for a writ of mandamus for failure to state a cause of action, like any motion to dismiss for failure to state a claim, is solely a test of the adequacy of the relator's petition.'" *Id*. (quoting *Lemay Fire Prot. Dist. v. St. Louis Cnty.*, 340 S.W.3d 292, 294 (Mo. App. E.D. 2011)). In our review of the circuit court's dismissal for failure to state a cause of action, we assume all the facts pled in Barnes's Petition in Mandamus are true. *Id*. We do not weigh the credibility or persuasiveness of factual allegations as "'[t]he determination of factual questions is not appropriate on a motion to dismiss.'" *Id*. (quoting *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 197 (Mo. App. E.D. 2009)).

 "A required element of proving a right to mandamus is that there is no alternative, adequate remedy other than issuance of the writ." *State ex rel. KelCor, Inc. v. Nooney Realty Tr., Inc.*, 966 S.W.2d 399, 402 (Mo. App. E.D. 1998). In this case, Barnes did not allege in his petition in mandamus that he was without an adequate alternative remedy. In fact, Barnes acknowledged at oral argument that he did have an alternative remedy in the form of a motion to retax costs pursuant to § 514.270.[2] *See State v. Boston*, 572 S.W.3d 160, 163 (Mo. App. E.D. 2019) ("The clear intent of the General Assembly expressed in § 514.270 is to enable citizens to

---

[2] Statutory references are to the Missouri Revised Statutes as supplemented through 2019. Section 514.270 provides as follows:

> Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court in which the action or proceeding was had, and in such retaxation all errors shall be corrected by the court; and if the party aggrieved shall have paid any unlawful charge, by reason of the first taxation, the clerk shall pay the costs of retaxation, and also to the party aggrieved the amount which he may have paid by reason of the allowing of such unlawful charge.

challenge unauthorized court costs *and obtain a refund*[.]") (citation and quotation marks

omitted).[3] Barnes had been diligently pursuing that action up until the day that he cancelled a

hearing on his motion to retax costs and announced his intention to pursue a different remedy "in

the hopes of more expeditiously bringing resolution to the legal claims raised in this cause."[4]

Because he has an adequate alternative remedy, Barnes's petition did not (and cannot) plead the

necessary facts to state a claim for mandamus relief[5] and the circuit court therefore did not err in

---

[3] In *Boston*, venue had been transferred from Warren County to Montgomery County; and the defendant filed a motion to retax costs in Montgomery County (following his conviction there). 572 S.W.3d at 161. The defendant in *Boston* appealed the dismissal of his motion to retax costs, and the Eastern District of our court held:

> Accordingly, we hold that, under § 550.120.1, Montgomery County's only recourse was to seek recovery of *its* costs from Warren County. But that is not what happened here. Montgomery County sought costs from both Boston and the State, and failed to seek recovery of *those* costs from Warren County as required by § 550.130. Because Montgomery County was without statutory authority to seek or recover costs from Boston or the State, such actions were improper, and it was therefore error for the trial court to deny Boston's motion to retax costs.…We reverse and remand with instructions for the trial court to vacate all court-cost tax bills issued in this case and to refund any costs recovered by Montgomery County.

*Id*. at 163 (emphasis added) (internal citation omitted). Barnes asserts that the *Boston* decision requires Saline County (the transferee county) to vacate all cost bills issued to Barnes, and to refund all costs paid (including, for example, the crime victim's fund judgment which is assessed as costs). We, however, construe *Boston* to require the transferee county (here, Saline County) to seek reimbursement for *its* costs associated with Barnes's prosecution from the transferring county (here, Lafayette County), and (when appropriate) to permit Lafayette County (not Saline County) to recover such costs from Barnes. Other costs, such as the crime victim's compensation fund judgment, may be taxed as court costs against a defendant, and may be collected by the transferee county where the judgment of conviction was entered. The defendant may then, by means of a motion to retax costs, address what specific expenditures or fees may be taxed as court costs.

[4] On appeal Barnes argues that the delay in processing his motion to retax costs led him to pursue the instant action. In support of this complaint, Barnes makes reference to transcripts of hearings in the Saline County criminal case which addressed his motion to retax costs and which are included in his appendix. Since these transcripts are not included in the record on appeal, Barnes's reliance upon them is misplaced and must be ignored. *Washington v. Blackburn*, 286 S.W.3d 818, 822 (Mo. App. E.D. 2009) ("We do not consider documents in an appendix that are not in the record on appeal.").

Furthermore, Barnes did not allege anything in his petition in mandamus regarding the lack of an adequate remedy at law, and, did not therefore allege (as he now argues on appeal) that his alternative legal remedy was inadequate (due to delay). Even if Barnes had alleged that this alternative remedy (retaxing costs) was available, but was inadequate due to such delay, the contention is unavailing. *Beauchamp v. Monarch Fire Prot. Dist.*, 471 S.W.3d 805, 812 (Mo. App. E.D. 2015) ("Inconvenient delay does not render an alternative remedy inadequate.").

[5] Barnes's Petition in Mandamus does not allege that the Saline County Circuit Clerk had failed to perform the duty he seeks to compel, as it does not allege that she had failed to present a fee bill to the Lafayette County Commission. However, an invoice of the Saline County Circuit Court, dated December 5, 2017, did, in fact, bill Lafayette County

6

dismissing it. *See Eckel v. Eckel*, 540 S.W.3d 476, 482 (Mo. App. W.D. 2018) (noting that "where the petition fails to allege facts essential to a recovery, then a motion to dismiss for failure to state a claim may be sustained.") (quotation marks and citation omitted).[6]

In his first point on appeal, Barnes argues that, under §§ 550.120 and 550.130, the Saline County Circuit Court erred in dismissing his petition because the Circuit Clerk has a ministerial duty to present a bill of costs to the Lafayette County commission, which is the county that originated his prosecution. Section 550.120.1 provides as follows:

> In any criminal or civil case in which a change of venue is taken from one county to any other county, and whenever a prisoner shall, for any cause, be confined in the jail of one county, such costs shall be paid by the county in which the case, indictment or information was originally instituted to the county in which the case is actually tried or where the prisoner is confined, except when such case is transferred for improper venue.[7] In all cases where fines are imposed upon conviction under such indictments or prosecutions, or penalties or forfeitures of penal bonds in criminal cases, are collected, by civil action or otherwise, payable to the county, such fines, penalties and forfeitures shall be paid into the treasury of the county where such indictment or information was originally found or such prosecution originally instituted, for the benefit of the public school fund of the county.

Section 550.130 states:

> The bill of costs in any case, as provided for in section 550.120, shall be certified to by the judge and prosecuting attorney, as now provided by law, and shall be presented to the county commission in which the indictment was originally found, or proceedings instituted, and shall thereupon be paid as if the cause had been tried or otherwise disposed of in said county.

---

for Saline County's costs associated with conducting Barnes's jury trial. Said Invoice was filed in Lafayette County on December 11, 2017.

[6] Ordinarily, we would first address Respondent's claim of lack of standing, as it is a threshold issue. However, in this instance, Barnes acknowledges he had an alternative (but slow) remedy (the motion to retax costs), and we have therefore addressed that basis for dismissal. Since we find that the circuit court properly dismissed Barnes's petition on the basis of his failure to state a necessary element of his claim for relief, we need not consider whether it properly dismissed Barnes's petition based on his lack of standing. *Mosby v. Precythe*, 570 S.W.3d 635, 637 (Mo. App. W.D. 2019) (appellate court will affirm the grant of a motion to dismiss if it is supported by any meritorious ground set forth in the motion).

[7] Because Barnes's Petition in Mandamus did not allege the basis for transfer of venue to Saline County and did not therefore indicate whether Lafayette County was the proper venue to file the charge, the applicability of § 550.120.1 is not entirely clear.

In its order dismissing Barnes's petition in mandamus, the circuit court did not indicate that the Saline County Circuit Clerk did not have duties under these statutes. Rather, it found that Barnes lacked standing to compel her, and that he had "failed to establish a necessary element of relief" (the lack of an adequate remedy). Barnes now concedes that he has an adequate (but slow) alternative remedy in a motion to retax costs pursuant to § 514.270. Barnes's first point does not even mention, let alone challenge, the circuit court's determination that his petition in mandamus must be dismissed due to the existence of an adequate alternative remedy. *STRCUE, Inc. v. Potts*, 386 S.W.3d 214, 219 (Mo. App. W.D. 2012) (the failure to challenge a ruling that would support the outcome complained about is fatal to an appeal). Point I is denied.

In his second point on appeal, Barnes again declines to address the reasons his petition was dismissed. Barnes instead complains that he was entitled to default judgment, because the Circuit Clerk filed a motion to dismiss, rather than an answer. Rule 74.05(a) permits the entry of a default judgment "upon proof of damages ***or entitlement to other relief***[.]" (Emphasis added). Barnes's failure to address the reasons for dismissal is not only fatal to his point on appeal, but also fails (at an even more basic level) to address why any judgment (default or otherwise) should have been entered (i.e., his entitlement to relief). Point II is denied.[8]

---

[8] We observe *ex gratia* that the Circuit Clerk was not in default. Default judgments are not favored in Missouri. *Snelling v. Reliance Auto., Inc.*, 144 S.W.3d 915, 918 (Mo. App. E.D. 2004). Rule 74.05 provides that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" The Circuit Clerk moved to dismiss Barnes's petition in mandamus, responded to his motion for civil judgment, and filed suggestions in opposition to his motion for default judgment as well as a motion to file her answer out of time. It cannot be said that the Circuit Clerk failed to defend against Barnes's petition. *Beeman v. Beeman*, 296 S.W.3d 514, 518 (Mo. App. W.D. 2009) (trial court correctly concluded that a party had not defaulted where she filed a motion for additional time and thereby "took affirmative action to deny [the petitioner's] claim."). Even were we to conclude that the Circuit Clerk defaulted in failing to answer the petition, this would merely result in Barnes's pleadings having been deemed admitted, but would not address whether he was entitled to relief. This purported default would be of little significance in our *de novo* review of the grant of a motion to dismiss, in which we accept as true all well-pleaded facts in the petition. *State ex rel. Cmty. Treatment, Inc.*, 561 S.W.3d at 111.

8

In his third point on appeal, Barnes posits that the circuit court erred in dismissing his petition in mandamus because the court was required to enter judgment against the Circuit Clerk "for treble the amount of costs assessed in cause number 17LF-CR00300-02, in that Respondent is liable for failing to make out a proper fee bill, pursuant to Mo. Rev. Stat. § 550.180."[9]  Yet again, Barnes's point fails to address the reasons his petition was dismissed.  Barnes instead assumes he is entitled to relief, and requests an award of monetary damages that he did not pray for in the petition.[10]  Like his other points relied on, Barnes's third point does not challenge the bases for dismissal, which is fatal to his appeal.  *Potts*, 386 S.W.3d at 219.  Point III is denied.

### Conclusion

The judgment of the circuit court is affirmed.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.

---

[9] Section 550.180 provides:

> If any clerk shall fail to tax the costs and make out a proper fee bill, or shall willfully neglect to perform any duty required of him in sections 550.140 and 550.190, he shall be liable to the person injured by such neglect in treble the amount of costs to which the party is entitled in the cause, and the court shall give judgment therefor against the clerk, on motion of the party entitled thereto; provided, that the party asking such judgment shall give two days' notice of such motion, which may be served on the clerk or his deputy.

[10] Furthermore, "[i]n reviewing the granting of a motion to dismiss for failure to state a claim on which relief could be granted, the appellate court is confined to the face of the petition."  *Goodwin v. Goodwin*, 583 S.W.2d 559, 559 (Mo. App. E.D. 1979).  Barnes's entitlement to treble damages under § 550.180 was not alleged in his petition, and we are not at liberty to "consider matters outside the pleadings when adjudging a motion to dismiss."  *Naylor Senior Citizens Hous., LP v. Side Const. Co.*, 423 S.W.3d 238, 241 n.1 (Mo. banc 2014).